UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| DAVINA BROWN-JOHNSON | CIVIL ACTION |
| Plaintiff, | Index No.: |
| against | JURY TRIAL DEMANDED |
| NATIONAL RAILROAD PASSENGER CORP., | |
| Defendant. | COMPLAINT |

-------------------------------------------------------------X

NOW COMES Plaintiff Davina Brown-Johnson, by and through her attorneys, FLYNN & WIETZKE, P.C. and ROME, ARATA, BAXLEY & STELLY, L.L.C. for her complaint against NATIONAL RAILROAD PASSENGER CORP., states as follows:

## PARTIES

1. Plaintiff Davina Brown-Johnson is an adult individual, residing at 12008 103rd Avenue, Richmond Hill, NY 11419, and has been assigned to Defendant's New York (Manhattan) crew base for 19 years.

2. Defendant National Railroad Passenger Corp. (hereinafter "Amtrak"), its predecessors, subsidiaries, agents, servants and employees, at all times pertinent herein was and is a domestic corporation, engaged in the business of a common carrier by railroad in interstate commerce.

3. At all relevant times, Defendant and/or Defendant's predecessors in interest were and are regularly and systematically conducting their business activities within the jurisdiction of this Court, as a common carrier of interstate and intrastate commerce and were engaged in interstate commerce and transportation.

4. Defendant, its predecessors, subsidiaries, agents, servants and employees, at all times pertinent in the past maintained and presently maintain headquarters and a principal place of business within the City of New York, and/or maintained sales offices within the City of New York, and/or transacted business within the City of New York.

{00480848}

5. At all times material hereto and for some time prior thereto, Plaintiff was in the employ of Defendant working as a Conductor, in furtherance of the carrier's business of interstate commerce and transportation by railroad.

## JURISDICTION AND VENUE

6. This is an action arising under the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq*. ("the FELA"), to recover damages for personal injuries sustained by Plaintiff Davina Brown-Johnson while employed by Defendant Amtrak.

7. This Court has jurisdiction and venue of this matter pursuant to 45 U.S.C. §56.

## THE CLAIM

8. On or about March 26, 2019, Plaintiff was in the performance of her duties as a Conductor working for Amtrak on Regional Train #183.

9. On said date, a private group had purchased the exclusive use of two cars on Train #183. This increased the number of cars Plaintiff was assigned to work on this trip, without any additional help from coworkers. Plaintiff was instructed by her Trainmaster that the two "exclusive" cars would only take on passengers at New York Penn Station and Newark Penn Station. When the train departed Newark, Plaintiff keyed the doors to the "exclusive" cars closed, as she had been instructed that no one would attempt to board or disembark from the "exclusive" cars until the train reached Baltimore. With the first two cars of the train—the "exclusive" cars—keyed closed, Plaintiff moved to the third car of the train, and assisted passengers preparing to disembark at the Metro Park stop. When the train reached the Metro Park stop, Plaintiff saw the leader of the group of passengers in the "exclusive" cars motioning excitedly for Plaintiff to assist in boarding new members of the group on to the closed "exclusive" cars.

10. With the train scheduled to stop at Metro Park for a limited amount of time, and with an inadequate crew for the number of cars comprising the train, Plaintiff knew that she had to quickly reach the "exclusive" cars to allow additional group members to board. As Plaintiff attempted to make her way through the crowd of disembarking passengers in the third car, Plaintiff suddenly and without warning fell violently to the ground, striking her left knee and injuring her knee, back, and neck, having tripped on a passenger's luggage which was protruding into the aisle of the train.

11. This accident caused Plaintiff to suffer serious and disabling injuries to her left knee, back, and neck, *inter alia*.

12. The injuries to Plaintiff were due in whole or in part to the negligence of Defendant Amtrak, its agents, servants, or employees acting in the course and scope of their employment. Plaintiff's accident, injuries, and damages as herein-described resulted from breaches of the duties owed by Defendant Amtrak to Plaintiff under the FELA as follows:

   a. Amtrak breached its duty to Plaintiff by failing to provide Plaintiff with a reasonably safe place to work;

   b. Amtrak failed to assign an adequate number of crew-members at the New York crew base on the train on which Plaintiff was assigned to work;

   c. Amtrak failed to properly instruct Plaintiff at the New York crew base regarding the required access to the "exclusive" cars on Train #183, creating a hazardous situation in which Plaintiff would have to hurry to properly assist all of the passengers in the numerous cars to which she was assigned to work;

   d. Amtrak failed to properly inform Plaintiff at the New York crew base of the actual requirements of the "exclusive" cars' passengers which didn't allow for Plaintiff to safely accommodate their needs and created a chaotic and confusing situation at the Metro Park Station;

   e. Amtrak failed to assign an additional crew-member at the New York crew base to solely work the "exclusive" cars and accommodate those passengers that would be boarding those specific cars throughout the duration of the trip so that the regular crew-members could safely tend to the normal passengers that commute on Train 183;

   f. Amtrak failed to provide adequate storage space at the New York crew base for passengers' luggage in these "exclusive" cars, and therefore created an unsafe tripping hazard in the aisles of their equipment;

    g. Amtrak failed to exercise due care and caution commensurate with the surrounding circumstances; and

    h. Other acts or omissions which may be proven at or before trial in this matter.

11. Plaintiff's injuries resulted from the negligence of Defendant Amtrak as enunciated above, without any fault or negligence on the part of Plaintiff contributing thereto.

12. As a result of Defendant's aforesaid negligence, Plaintiff was caused to suffer severe and permanent debilitating injuries to her left knee, back, and neck, *inter alia*, which have required Plaintiff to undergo extensive treatment, diagnostic testing, physical therapy, and injections. Plaintiff sustained serious and permanent physical injuries, and has suffered, and will continue to suffer into the future great physical pain and mental anguish. Plaintiff's earning capacity has been diminished or destroyed, and Plaintiff has lost, and may in the future lose substantial time from employment with a significant loss of earnings therefrom. Plaintiff has incurred, and may in the future, incur expenses for medical and related treatment.

13. Plaintiff avers that, at the time of the accident and concomitant injuries, she was an able-bodied employee of Amtrak, and Plaintiff demands full recovery for all sums reasonable in the premises for the following items:

    a. Physical pain and suffering, past and future;

    b. Mental anguish, past and future;

    c. Loss of enjoyment of life, past and future;

    d. Lost wages, loss of earning capacity, and/or loss of fringe benefits, past and future; and

    e. Unpaid medical expenses, past and future.

**WHEREFORE**, Plaintiff Davina Brown-Johnson demands judgment in her favor and against Defendant, National Railroad Passenger Corp. for compensatory damages, together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

Respectfully Submitted,

**FLYNN & WIETZKE, PC**

By: _____
MARC WIETZKE
1205 Franklin Avenue, Suite 370
Garden City, NY  11530
Telephone: (516) 877-1234
Facsimile: (516) 877-1177
E-mail:  *MWietzke@FELAattorney.com*

      AND

**ROME, ARATA, BAXLEY & STELLY, L.L.C.**

**C. Perrin Rome, III, Esq.**
Blake G. Arata, Jr., Esq.
Jason C. MacFetters, Esq.
650 Poydras Street, Suite 2017
New Orleans, LA 70130
Telephone: (504) 522-9980
Facsimile: (504) 522-9971
E-mail:  *Prome@romearata.com*